UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| SANDRA KAY SLATER, | ) | 1:08-CV-01185 GSA HC |
| | ) | |
| Petitioner, | ) | |
| | ) | ORDER GRANTING PETITIONER LEAVE |
| v. | ) | TO WITHDRAW UNEXHAUSTED CLAIMS |
| | ) | |
| DEBORAH L. PATRICK, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

Petitioner is a state prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. She is represented in this action by Hilda Scheib, Esq. Petitioner has returned her consent/decline form indicating consent to exercise of Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c)(1).

**BACKGROUND[1]**

Petitioner is currently in the custody of the California Department of Corrections pursuant to a judgment of the Superior Court of California, County of Kern, following her conviction by jury trial on August 29, 2005, of burglary (Cal. Penal Code § 460(a)) and grand theft (Cal. Penal Code

---

[1] This information is derived from the petition for writ of habeas corpus.

§ 487(a)). She was sentenced to serve an indeterminate term of 35 years to life.

Petitioner appealed the conviction. On February 27, 2007, the California Court of Appeals, Fifth Appellate District (hereinafter "Fifth DCA") affirmed the judgment. Petitioner then filed a petition for review with the California Supreme Court. The petition was denied on May 16, 2007.

On August 7, 2008, Petitioner filed a petition for writ of habeas corpus in the Kern County Superior Court. That petition is still pending.

On August 12, 2008, Petitioner filed the instant petition for writ of habeas corpus in this Court. Petitioner raises the following grounds for relief: 1) She argues the trial court violated her due process rights by giving improper jury instructions; 2) She claims the trial court failed to sua sponte instruct the jury on third party culpability; 3) She contends trial counsel provided ineffective assistance in several respects; and 4) She claims her sentence constitutes cruel and unusual punishment in violation of the Eighth Amendment.

**DISCUSSION**

A.  Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. See Herbst v. Cook, 260 F.3d 1039 (9th Cir.2001).

B.  Exhaustion of State Remedies

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a

1  full and fair opportunity to consider each claim before presenting it to the federal court. Duncan v.
2  Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971); Johnson v. Zenon, 88
3  F.3d 828, 829 (9th Cir. 1996).  A federal court will find that the highest state court was given a full
4  and fair opportunity to hear a claim if the petitioner has presented the highest state court with the
5  claim's factual and legal basis. Duncan, 513 U.S. at 365 (legal basis); Kenney v. Tamayo-Reyes, 504
6  U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis).

7  Additionally, the petitioner must have specifically told the state court that he was raising a
8  federal constitutional claim.  Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669
9  (9th Cir.2000), *amended*, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir.1999);
10 Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998).  In Duncan, the United States Supreme Court
11 reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion
> of state remedies requires that petitioners "fairly presen[t]" federal claims to the
> state courts in order to give the State the "'opportunity to pass upon and correct
> alleged violations of the prisoners' federal rights'" (some internal quotation marks
> omitted). If state courts are to be given the opportunity to correct alleged violations
> of prisoners' federal rights, they must surely be alerted to the fact that the prisoners
> are asserting claims under the United States Constitution. If a habeas petitioner
> wishes to claim that an evidentiary ruling at a state court trial denied him the due
> process of law guaranteed by the Fourteenth Amendment, he must say so, not only
> in federal court, but in state court.

Duncan, 513 U.S. at 365-366.  The Ninth Circuit examined the rule further, stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus
> exhausted) his federal claims in state court *unless he specifically indicated to
> that court that those claims were based on federal law*. See Shumway v. Payne,
> 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in
> Duncan, this court has held that the *petitioner must make the federal basis of the
> claim explicit either by citing federal law or the decisions of federal courts, even
> if the federal basis is "self-evident*," Gatlin v. Madding, 189 F.3d 882, 889
> (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the
> underlying claim would be decided under state law on the same considerations
> that would control resolution of the claim on federal grounds. Hiivala v. Wood,
> 195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31
> (9th Cir. 1996); . . . .
> In Johnson, we explained that the petitioner must alert the state court to
> the fact that the relevant claim is a federal one without regard to how similar the
> state and federal standards for reviewing the claim may be or how obvious the
> violation of federal law is.

Lyons v. Crawford, 232 F.3d 666, 668-669 (9th Cir. 2000) (italics added).

In the petition before the Court, Petitioner raises four grounds for relief.  She concedes that

1 her third ground for relief is partially unexhausted. She states she has just filed a petition with the
2 superior court seeking collateral relief and will pursue her claims to the higher state courts if the
3 petition is unsuccessful.

4     The instant petition is a mixed petition containing exhausted and unexhausted claims. The
5 Court must dismiss a mixed petition without prejudice to give Petitioner an opportunity to exhaust
6 the claims. See Rose, 455 U.S. at 521-22.  However, Petitioner may withdraw the unexhausted
7 claims and go forward with the exhausted claims in lieu of suffering dismissal.

**ORDER**

9     Accordingly, IT IS HEREBY ORDERED:

10     1) Petitioner is GRANTED fifteen (15) days from the date of service of this order to file a
11 motion to withdraw the unexhausted claims. In the event Petitioner does not file such a motion, the
12 Court will assume Petitioner desires to pursue her state court remedies and will therefore dismiss the
13 Petition without prejudice.[2]

15     IT IS SO ORDERED.
16     Dated:   **October 20, 2008**         /s/ **Gary S. Austin**
                                                   UNITED STATES MAGISTRATE JUDGE

---

[2] Petitioner is informed that a dismissal for failure to exhaust will not bar him from returning to federal court after exhausting his available state remedies. However, this does not mean that Petitioner will not be subject to the one year statute of limitations imposed by 28 U.S.C. § 2244(d).  Although the limitations period is tolled while a properly filed request for collateral review is pending in state court, 28 U.S.C. § 2244(d)(2), it does not toll for the time an application is pending in federal court. Duncan v. Walker, 531 U.S. 991 (2001). Petitioner is further informed that the Supreme Court has held:

> [I]n the habeas corpus context it would be appropriate for an order dismissing a mixed petition to instruct an applicant that upon his return to federal court he is to bring only exhausted claims.  See Fed. Rules Civ. Proc. 41(a) and (b).  Once the petitioner is made aware of the exhaustion requirement, no reason exists for him not to exhaust all potential claims before returning to federal court.  The failure to comply with an order of the court is grounds for dismissal with prejudice. Fed. Rules Civ. Proc. 41(b).

Slack v. McDaniel, 529 U.S. 473, 489 (2000). Therefore, Petitioner is forewarned that in the event he returns to federal court and files a mixed petition of exhausted and unexhausted claims, the petition may be dismissed with prejudice.